MAY, Judge.
John Paul Garcia appeals the court’s imposition of his sixty-six month sentence and its order of restitution. He asserts the restitution order was an abuse of discretion and the length of his sentence is inappropriate in light of his character and offense.
We affirm in part and reverse and rémand in part.
Facts and Procedural History .
On December 27, 2012, Garcia posted an advertisement on Craigslist to sell 200 Morgan dollar coins at $22.00 each. The advertisement proposed Garcia and the prospective buyer would meet at McDonald’s. Paul Bowman responded to this advertisement. Garcia gave Bowman what were purported to be 180 Morgan dollar coins for $3,600.00 in cash. Shortly after this transaction, Bowman took the coins to a seller. The seller tested the coins and informed Bowman the coins were fake. Bowman reported this crime to the police.
On February 5, 2013, officers were about to apprehend Garcia, but he quickly drove away. While being chased by the officers, Garcia’s vehicle crashed into a truck. Garcia tried to flee on foot, but he was arrested.
On February 7, 2013, Garcia was charged with Class C felony forgery,[1] *1251 Class D felony resisting law enforcement,[2] and Class C misdemeanor failure to return to the scene after accident resulting in damage to an attendéd vehicle.[3]' Garcia agreed to plead guilty to forgery. In exchange, the State would dismiss the other charges and would not file a habitual offender enhancement.
The court accepted the plea agreement, convicted Garcia of forgery, and sentenced Garcia to sixty-six months to be served concurrently with his sentence in Cause No. 45G03-1303-FC-00041 in the Department of Correction.[4] At the sentencing hearing on February 6, 2015, the State requested restitution in the amount of $3,600.00. Garcia objected to the restitution order.[5] Bowman did not appear, but the court entered judgment on behalf of Bowman in the amount of $3,600.00.
Discussion and Decision

Appropriateness of Sentence

 Garcia asserts his , sixty-six month sentence was inappropriate given his character and the nature of his offense. Indiana Appellate Rule 7(B) implements this court’s constitutional authority to, revise a sentence if, after due consideration of the trial court’s decision, we find the sentence is “inappropriate in light'of the nature of the offense and the character of the offender.” The burden is on the defendant to persuade us that his sentence is inappropriate. Childress v. State, 848 N.E.2d 1073,1080 (ind.2006).-
 Garcia pled guilty to a Class C felony, which carries a penalty of two to eight years, with an advisory sentence, of four years. Ind.Code, § 35-50-2-6(a) (2005), The plea agreement capped Garcia’s sentence at sixty-six months, which is five and a half years, and although - the court imposed all sixty-six months,' that sentence is closer to the advisory sentence than to the maximum possible sentence for forgery. Such sentence does not appear inappropriate for the sale pf 180 fake Morgan dollar coins.
 When considering the character of the offender, one relevant fact is the defendant’s criminal history. Johnson v. State, 986 N.E.2d 852, 857. (Ind.Ct.App.2013). The significance of criminal history varies based on the gravity,-nature, and number o.f prior offenses in relation to the current offense. Id. Garcia has an extensive adult criminal history- dating from 1986. Garcia has been convicted of- nine misdemeanors and eight felonies. Those felonies include Class B felony burglary, *1252 felony theft, felony possession of stolen goods/property, and Class 3 felony theft/deception. Garcia was convicted of two federal charges for forged or counterfeited United States obligations and dealing in counterfeit obligations. Garcia’s numerous contacts with the criminal justice system," "including his several incarcerations and stints on probation, have not led him to reform himself. Thus, we cannot say Garcia’s sixty-six month sentence is inappropriate in light of his character. See id. (affirming sentence as appropriate based on criminal history).

Order of Restitution

 A restitution order is within the trial court’s discretion, and wé will reverse only on a showing of abuse of discretion. J.H. v. State, 950 N.E.2d 731, 734 (Ind.Ct.App.2011). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. Rose v. State, 810 N.E.2d 361, 365 (Ind.App.2004).
 The evidence of Bowman’s loss was insufficient to support the trial court’s order of restitution. A restitution order must be supported by sufficient evidence of actual loss sustained by the victim of a crime.;. Rich v. State, 890, N.E.2d, 44, 49 (Ind.Ct.App.2008), tram, denied. “Evidence supporting a restitution order is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.” J.H., 950 N.E.2d at 734.
The trial court entered a restitution order in the amount of $3,600.00. The only support for the order came in the probable cause affidavit,[6] which states:
Paul Bowman related the following: On December 27, 2012, in the late morning hours at the location of 1855 U.S. 41 in Schererville, he responded to an advertisement on Craigslist to buy in one lot 200 Morgan dollars at $22 each coin (cash only) by meeting the seller at Mc-Donalds. Upon arrival, he met an unknown male subject who gave him what purported to be 180 Morgan dollars. In return, he handed this subject $3,600 in cash.
(App. at 11-12.)' -As we have previously explained: “The statement of facts presented in a probable cause of arrest affidavit pose a risk of unreliability. that the hearsay rule is designed to protect against.” Tate v. State, 835 N.E.2d 499, 509 (Ind.Ct.App.2005), trans. denied. Thus, we decline to accept that document as a valid basis for upholding the order herein. The State offered no other proof of the amount of Bowman’s loss, Bowman was not present at the sentencing hearing, and no additional evidence or testimony concerning this estimate was presented.
In J.H,, we reasoned that estimates with no additional evidence were mere speculation or conjecture. 950 N.E.2d at 734. Sixteen-year-old J.H. attempted to enter a neighbor’s home without the neighbor’s permission and damaged a rear door of the neighbor’s *1253 residence. Before the initial hearing and dispositional hearing, the victim gave the prosecutor two estimates of repair costs. No copies were provided to the defense or the court, and no additional:-evidence was offered in support of the estimate. The trial court ordered J.H. to pay restitution 'in the amount of $1,117.65. We held: “Absent any evidence to the contrary, we can' only come to the conclusion that valuation was based on mere speculation and conjecture.” Id.
The State bore the burden of establishing the -restitution amount. Id. The State could have met that burden by obtaining an affidavit from Bowman, the victim. ' Here, the State did not' establish the validity of the probable cause affidavit but instead, asked the court to enter a restitution order in the amount reflected in the probable cause affidavit. More was required. Accordingly, the trial court abused its discretion in entering the restitution order. See id.
Be that as it may, our Indiana Supreme Court has held that when the record contains insufficient evidence to support an order of restitution, the case may be remanded for the trial court to. hold another hearing. Iltzsch v. State, 981 N.E.2d 55, 57 (Ind.2013). Thus, we remand this case to the trial court with instructions to conduct a new restitution hearing at which both the State and Garcia may present additional evidence bearing on the restitution due to Bowman. See id.
Conclusion
We affirm the length of Garcia’s sentence, but we reverse the order of restitution and remand for a new restitution hearing.
Affirmed in part; reversed and remanded in’ part.
■ CRONE, J., concurs.
- BRADFORD, J.,, concurs in part and dissents in part with separate opinion.

. Ind.Code § 35—43—5—2(b)(Z) (2006).

. Ind.Code § 35-44. l-3-l(b)(l)(a) (2012).

. Ind.Code § 9-26-1-2(2) (2012).

. Garcia's sentence in Cause No. 45G03-1303-FC-00041 was also sixty-six months. See Garcia v. State, Memorandum Decision 45A03-1503-CR-85, slip op. af2,- 2015 WL ' 7280733 (Ind.Ct.App. Nov. 18, 2015).

. The dissent claims "the amount of restitution is not disputed,” op. at ¶ 16, and Garcia did not "contestf] ... the amount of Bowman’s loss[.]” Id: at ¶ 17. However, during the sentencing hearing, Garcia’s counsel stated;
I would object to the request of restitution. There’s no documents that support that [sic] actual valuation- of what they're asking for and what was—what they’re out, outside1 of what théy have said. I believe that there would be!' additional records ' that would be required to order to—to grant a restitution order or a judgment in that matter. That’s my objection', your Honor.
(Tr. at 46.)

. The dissent claims Garcia did not "con-testi; ] the accuracy of the probable cause affidavit/’ op, at ¶ 17,. and “a probable cause affidavit whose authenticity and accuracy have not been questioned ... may be considered by the trial court in ordering restitution.” Id. at ¶ 21. However, during the sen- . tencing hearing, Garcia’s counsel objected twice .to the inclusion of the probable cause affidavit in the pre-sentencing report.
(Tr, at 25 ("The defense would object to the inclusion of the probable cause affidavits.’’) and Tr. at 29 ("The only other thing we object to is the probable cause affidavit.”).)