## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 09 2017, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Juma Haywood,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 9, 2017

Court of Appeals Case No.
02A03-1701-CR-165

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D04-1610-F6-1147

**Barnes, Judge.**

## Case Summary

[1] Juma Haywood pled guilty to four counts of Level 6 felony invasion of privacy and was sentenced to two years imprisonment on each count, to be served concurrently. Haywood now appeals his sentence. We affirm.

## Issues

[2] Haywood raises one issue on appeal, which we restate as whether the trial court imposed an inappropriate sentence in light of the nature of the offense and Haywood's character.

## Facts

[3] On October 14, 2016, Haywood was charged with four counts of Level 6 felony invasion of privacy. On October 18, 2016, a no contact order was issued, barring Haywood from contacting the victim, H. H. On October 24, 2016, H.H. wrote a letter to the court expressing her intentions to continue a relationship between herself and Haywood, further stating that Haywood was no longer a threat to her or her children. H.H. also requested that the no contact order be terminated. On December 14, 2016, without the benefit of a plea agreement, Haywood pled guilty to all four counts. During the sentencing hearing, on January 12, 2017, H.H. stated that she "made it possible for Mr. Haywood to call [her] and that, when all this is said and done, that [she] still [planned] on pursuing a relationship." Tr. p. 5. Also during the hearing, Haywood apologized to the court for violating the no contact order and stated that "it's kind of hard to not contact the person when you're in love with the

person." *Id.* at 6. Haywood also stated that "she [H.H.] helps me get myself together since my mother died and everything." *Id.* After evidence and arguments were presented, the trial court concluded that Haywood's criminal history, consisting of four juvenile adjudications, thirteen misdemeanors, and eight prior felony convictions, along with the fact that he was on probation when the current offenses were committed, were all aggravating circumstances. The court also stated that it found Haywood's guilty plea, expression of remorse, and the victim's statements to be mitigating circumstances. Given the aggravating circumstances, the trial court sentenced Haywood to two years imprisonment on each count, to be served concurrently. The trial court also ordered that the no contact order be terminated.

## Analysis

[4] Haywood contends that the trial court erred when it "handed down an aggravated sentence where the entirety of the [offensive] conduct was consensual telephone conversations." Appellant's Br. p. 5. We will assess whether Haywood's sentence is inappropriate under Indiana Appellate Rule 7(B) in light of his character and the nature of the offense. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007). Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant

bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

[5] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[6] Haywood argues that "the nature and circumstances surrounding the offense in this case shows that an enhanced and executed sentence of four years is inappropriate." Appellant's Br. p. 9. When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Johnson v. State,* 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). Haywood pled guilty to four counts of Level 6 felony invasion of privacy. The sentencing range for a Level 6 felony is between six months and

two-and-a-half years' imprisonment, with one year being the advisory sentence. Indiana Code Section 35-50-2-7(b). The trial court sentenced Haywood to two years imprisonment for each count to be served concurrently, rather than consecutively. The trial court's sentence was entirely within the range allowed by the statute.

[7] Regarding the nature of Haywood's offense, although contact with the victim may have been consensual, his arguments disregard the fact that he expressly violated a court order on multiple occasions. To the extent Haywood argues that H.H.'s actions invited his violation of the protective order, this court has held that an invitation by the victim does not waive or nullify an order for protection. *Smith v. State,* 999 N.E.2d 914, 918 (Ind. Ct. App. 2013) *trans. denied*.

[8] When considering Haywood's character, we cannot say that the sentence imposed by the trial court was inappropriate. Haywood has four adjudications as a juvenile, thirteen misdemeanor convictions, and eight prior felony convictions. He was also on probation at the time of these offenses. The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Rutherford,* 866 N.E.2d at 874. Haywood contends that "the more recent convictions are far less severe than his early-life conduct; [and that] from 2007 on, Haywood has no conviction or charge above a Level 6 felony. Of those, all but two are either driving offenses or drug charges, which bear no similarity to the current conviction."

Appellant's Br. p. 11. Although it is true that Haywood has not received a conviction above a Level 6 felony since 2007, and that his recent offenses have been "less severe," Haywood's frequent contacts with the criminal justice system show that he has not been deterred or rehabilitated from breaking the law. *See Garcia v. State,* 47 N.E.3d 1249, 1251-1252 (Ind. Ct. App. 2015) (defendant's sixty-six month sentence was not inappropriate in light of his character and his failure to reform himself). Haywood has not met his burden of persuading us that his sentence is inappropriate in light of the nature of the offenses and his character.

## Conclusion

The sentence imposed by the trial court was not inappropriate in light of the nature of the offense and Haywood's character. We affirm the decision of the trial court.

Affirmed.

Baker, J., and Crone, J., concur.