## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2018, 6:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Adam C. James
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terry E. Belden,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 30, 2018

Court of Appeals Case No.
73A04-1709-CR-2242

Appeal from the Shelby Superior Court

The Honorable R. Kent Apsley, Judge

Trial Court Cause No.
73D01-1609-F5-71

**Mathias, Judge.**

[1] Terry E. Belden ("Belden") pleaded guilty in Shelby Superior Court to Level 5 felony operating a motor vehicle with a lifetime license forfeiture and was

sentenced to four years of incarceration. Belden appeals and argues that his sentence is inappropriate in light of the nature of his offense and his character.

[2] We affirm.

## Facts and Procedural History

[3] On the afternoon of September 16, 2016, Indiana State Police Sergeant Dennis Scudder ("Sgt. Scudder") was driving his patrol car westbound on Interstate 74 when he observed a car traveling at a slow speed pull off onto the right shoulder of the highway. Sgt. Scudder pulled his car behind the other car to see if the driver needed assistance. Sgt. Scudder spoke with the driver of the car, Belden, and quickly learned that Belden was an habitual traffic violator whose license had been forfeited for life. Belden was then placed under arrest.

[4] On September 21, 2016, the State charged Belden with Level 5 felony operating a motor vehicle with a lifetime license forfeiture. A bench trial was scheduled for August 1, 2017, but on the day the trial was to occur, Belden entered an open plea of guilty. A sentencing hearing was held on August 30, 2017. At the hearing, Belden explained that he did not have a ride to work on the day he was arrested, so he drove to work despite being aware of his lifetime license forfeiture and his status as an habitual traffic violator. Belden testified that he has two minor children—a sixteen-year-old child for whom he pays child

support,[1] and a one-year-old child—and that he was living with the younger child's mother, who has some cognitive problems and was on disability.

[5] The trial court found as mitigating that Belden was the father of two dependent children and that incarceration would be a hardship to them. The court also found as mitigating that Belden was gainfully employed. The court found as aggravating Belden's significant criminal history, especially that nine of Belden's prior arrests were for habitual traffic violator offenses and five of those arrests came after Belden had his driving privileges forfeited for life. Belden's arrests led to numerous convictions; he was convicted of driving as an habitual traffic violator in 1988, 1989, 2001, 2005, and 2012. Belden also has prior convictions for operating a vehicle while intoxicated, theft, and burglary. In total, Belden has accumulated six felony and ten misdemeanor convictions. Belden himself agreed with the State's characterization that "[t]he majority of your adult life you've either been incarcerated or had a case pending or been on probation or parole." Tr. p. 29. The court also found as a significant aggravator that Belden had been released from prison for the very same offense only ten months before the current incident. Further, despite the condition of his release on bond that he not commit any additional criminal offense, there was evidence presented at the sentencing hearing that Belden repeatedly continued to drive while out on bond.

---

[1] Belden acknowledged that he has a child support arrearage for the older child.

[6] The trial court ultimately decided to impose an executed sentence of four years at the Department of Correction, stating:

> But I'll be quite honest with you, Mr. Belden, based on your prior criminal history, based on the evidence that I've heard about your continuing to drive while you're on bond, and your history of driving after conviction for the same offense, I mean, your prior criminal history is ridiculous. I think it, you know, the definition of insanity is continuing to do the same thing and expecting a different result. I . . . I'm not gonna sit here and pretend that if I put you on probation, or if I put you on house arrest, or work release, or something like . . . I'm not going to pretend that I'm putting you on one of those programs and that you won't drive because your history is, the evidence is that you're gonna drive no matter what I say, no[] matter what the legislature says, no matter what conditions I put on you, you're gonna drive so it's ridiculous for me to put you on any kind of a program that allows you an opportunity to drive, and for me to pretend that you're not going to. So that having been said, probation to me doesn't strike me as a logical option. Home detention does not strike me as a logical option in this matter. Again, you know, I'm not gonna put those kinds of conditions on you and pretend you're gonna abide by them and then us end up back here and me setting you up for failure in that regard. The only thing that makes sense to me in this case is an executed sentence.

Tr. p. 51. Belden now appeals.

## Discussion and Decision

[7] On appeal, Belden argues that his four-year executed sentence is inappropriate. Even if a trial court acted within its statutory discretion in imposing a sentence, Sections 4 and 6 of Article 7 of the Indiana Constitution authorize independent

appellate review and revision of a sentence imposed by the trial court. *Rose v. State*, 36 N.E.3d 1055, 1063. This constitutional authority is implemented through Indiana Appellate Rule 7(B), which provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[8] Still, we must exercise deference to a trial court's sentencing decision, because Rule 7(B) requires us to give "due consideration" to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id*. Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers," and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

[9] Our review under Appellate Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id*. The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Rose*, 36 N.E.3d at 1063. It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

[10]     Here, Belden was convicted of a Level 5 felony and sentenced to four years. The sentencing range for a Level 5 felony is one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). Thus, Belden's four-year sentence is one year above the advisory sentence and two years below the maximum sentence. With this in mind, we consider the nature of the offense and the character of the offender.

[11]     With regard to the nature of the offense, Belden argues that his offense was non-violent. But regardless of whether his offense was violent, our General Assembly has classified it as a Level 5 felony. And given his extensive criminal history, Belden knew well that he was not permitted to drive, and his family had even made arrangements to get him to work without driving. Yet when his normal ride to work was unavailable, Belden did not seek out alternative means of transport, but instead decided to drive both to and from work. Nothing about the nature of this offense convinces us that Belden's four-year sentence is inappropriate.

[12]     We now turn our consideration to the character of the offender. When considering the character of the offender, one relevant fact is the defendant's criminal history. *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied*. The significance of a defendant's criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*.

[13]     As detailed above, Belden has an extensive criminal history that includes six felony convictions and ten misdemeanor convictions. He has six prior convictions for operating a motor vehicle as an habitual traffic violator. Belden has been shown leniency in the past, including probation, work release, home detention, and community corrections. Yet he violated the terms of his probation, home detention, and community corrections. Still, his criminal behavior has been undeterred. Just ten months prior to the instant offense, he was released from incarceration for committing the very same offense. And when he was released on bond in the present case, he continued to flout the law and drive. Belden's extensive criminal history reveals that he is a scofflaw when it comes to our state's vehicular rules and regulations. There is nothing about Belden's character, as revealed by his criminal history and disregard for the laws of this state, which persuades us that his four-year sentence is inappropriate.

[14]     Affirmed.

Najam, J., and Barnes, J., concur.