## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2018, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charlene Lewis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 30, 2018

Court of Appeals Case No.
49A04-1712-CR-2776

Appeal from the Marion Superior Court

The Honorable Jose D. Salinas, Judge

Trial Court Cause No.
49G14-1611-F6-42945

**Baker, Judge.**

[1] Charlene Lewis appeals following her plea of guilty to Level 6 Felony Maintaining a Common Nuisance.[1] Lewis argues that the amount of restitution ordered by the trial court exceeded the amount she agreed to pay. Finding no error, we affirm.

## Facts

[2] On October 26, 2016, Indianapolis Police Officer Brady Ball sustained a dog bite in the process of serving a search warrant at Lewis's residence. On November 1, 2016, the State charged Lewis with Level 6 felony maintaining a common nuisance and Level 6 felony neglect of a dependent.

[3] Lewis agreed to plead guilty to maintaining a common nuisance in exchange for the dismissal of the neglect of a dependent charge. The plea agreement states that Lewis would pay "Restitution to the City of Indianapolis in the amount of $ TBD thru probation." Appellant's App. Vol. II p. 46.

[4] At the December 8, 2016, guilty plea hearing, the following exchange occurred:

> Court: . . . Also there's an issue perhaps of restitution to the City of Indianapolis; is that correct?
>
> State: That's correct, Judge.
>
> Court: Okay.
>
> Defense: And we just thought that to be determined through probation. If there was some sort of issue,

---

[1] Ind. Code § 35-45-1-5(c).

> probation could let the Court know that we needed a hearing on the matter.
>
> Court: What do we expect that number to be, in the hundreds or thousands or tens of thousands?
>
> State: I don't know. I received a preliminary letter from the City informing me that they would be requesting restitution and they would get a number to me. We just decided on this plea today and so I don't have a number before me. I don't know what that is. It's for medical treatment for one of the officers.
>
> Court: Okay. Okay. For medical treatment for one of the officers.
>
> Lewis: They just showed me a paper that said that it was for $310.00.
>
> Court: Okay. So you've got an idea of where you're talking about?
>
> Lewis: Yes.
>
> Court: So –
>
> Defense: So long as it's not out of that range, she's in agreement.
>
> Court: Okay. That's what you want to do with this; right?
>
> Lewis: Yes, sir.

Tr. Vol. II p. 6-7. At the conclusion of that hearing, the trial court advised the defendant as follows:

> Court: . . . You will pay restitution to the City of Indianapolis in an amount to be determined through probation. If for some reason they

> determine that number and they think it is
> drastically different than what you are expecting,
> talk to them politely about it and they can file a
> memo with the court and they'll set it for a hearing
> and you can have a hearing with the Court. Okay?

Lewis:     Yes, sir.

*Id.* at 15.

[5]     The following day, counsel for the City of Indianapolis submitted a letter to the Marion County Probation Department requesting restitution in the amount of $677.46 for Officer Ball's medical expenses. On January 24, 2017, the probation department submitted a memorandum and a request for restitution in that amount to the trial court. The trial court informed Lewis that she could either agree to that amount or contest it. Lewis indicated that she would contest the amount, and the trial court responded as follows:

> Understand what I'm saying. Probation was—restitution was agreed to. Okay. In other words, you agreed to pay restitution. Now what you didn't agree to is what the amount would be at because we didn't know it. Okay. So if you're saying you don't agree to that amount, your lawyer on March 10th needs to have reasons why you don't—you're not agreeing to that amount.
>
> The issue of restitution is not what you're fighting. You agreed to pay restitution. What that issue is is what the amount is going to be.

*Id.* at 28-29.

[6] At the March 10, 2017, restitution hearing, Officer Ball testified that he had sustained a dog bite while serving the warrant at Lewis's residence. Counsel for the city testified that the city paid $677.46 in medical expenses for treatment of the officer's injuries. The trial court bifurcated the hearing to allow Lewis and her attorney time to prepare their witnesses. On May 5, 2017, the hearing resumed. Lewis did not contest the amount of restitution ordered; instead, she argued that she should not be required to pay it at all. Ultimately, the trial court ordered Lewis to pay restitution in the amount of $677.46. Lewis now appeals.

## Discussion and Decision

[7] On appeal, Lewis argues that the trial court improperly ordered restitution in the amount of $677.46. A restitution order is within the trial court's discretion, and we will reverse only when the trial court's order is against the logic and effect of the facts and circumstances before it. *Garcia v. State*, 47 N.E.3d 1249, 1252 (Ind. Ct. App. 2015). The State bears the burden of submitting evidence to support a restitution order. *J.H. v. State*, 950 N.E.2d 731, 734 (Ind. Ct. App. 2011). Evidence supporting a restitution order is sufficient "'if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.'" *Id.* (quoting *T.C. v. State*, 839 N.E.2d 1222, 1227 (Ind. Ct. App. 2005)).

[8] Here, the plea agreement signed by Lewis stated that she would pay restitution to the city "in the amount of $ TBD[.]" Appellant's App. Vol. II p. 46. Once

the trial court accepted that agreement, its terms became binding on the trial court, the State, and Lewis. *E.g.*, *Bethea v. State*, 983 N.E.2d 1134, 1144 (Ind. 2013). Lewis argues that this agreement was orally modified at the plea hearing when she stated that she had received some indication that the restitution amount would be $310 and her attorney stated that she agreed to pay the amount "so long as it's not out of that range[.]" Tr. Vol. II p. 6-7.

[9] We disagree that Lewis's statements orally modified the plea agreement. The State did not agree to any modification; indeed, the prosecutor stated at the plea hearing that the State was still awaiting information from the city regarding the amount of Officer Ball's medical expenses. *Id.* The parties agreed that Lewis must pay restitution to the city, that the amount was still unknown, and that if the amount differed from the "range" of $310, Lewis could request a hearing to contest the amount. In other words, there was no agreement—oral or otherwise—to cap the restitution at $310.

[10] Lewis does not argue that she is unable to pay the amount of restitution ordered, that the amount is unreasonable or unsupported by the evidence, or that her plea agreement was not entered into knowingly or voluntarily. Under these circumstances, the trial court did not err by ordering Lewis to pay restitution in the amount of $677.46.

[11] The judgment of the trial court is affirmed.

Kirsch, J., and Bradford, J., concur.