## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 18 2018, 6:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew M. Kubacki
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kyra Jacobs,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 18, 2018

Court of Appeals Case No.
18A-CR-554

Appeal from the Marion Superior Court

The Honorable David Hooper, Magistrate

Trial Court Cause No.
49G08-1708-CM-30979

**Crone, Judge.**

# Case Summary

Kyra Jacobs appeals the trial court's restitution order following her conviction for class A misdemeanor criminal mischief. Jacobs asserts that insufficient evidence supports the restitution order and that the trial court abused its discretion in failing to inquire about her ability to pay. Finding the evidence sufficient and no abuse of discretion, we affirm.

# Facts and Procedural History

Pro Logistics is a staffing agency that provides temporary staffing for warehouses. On August 9, 2017, Jacobs appeared at the Pro Logistics office and was upset "because she was turned away from a job assignment due to it being overfilled." Tr. Vol. 2 at 7. She was "irritated that she had wasted her time and was asking for reimbursement via gift card or some other kind of compensation for her time." *Id*. After operations manager Christina Powell apologized to Jacobs and explained to her that the company did not reimburse for that kind of thing, Jacobs demanded to speak to a supervisor. Jacobs became more agitated, and Powell advised Jacobs that she needed to leave or the police would be called. Jacobs then stood up and pushed a computer "screen forward" onto the floor. *Id*. at 20. She also smashed a picture frame and went behind the reception desk and threw a laser printer "to the ground." *Id*. at 21. Both the computer and the printer were "[ef]fectively destroyed." *Id*. at 10.

[3] The State charged Jacobs with class A misdemeanor criminal mischief. Following a bench trial, the court found her guilty as charged and sentenced her to one year of nonreporting probation. The trial court found Jacobs indigent as to court costs and instructed her that she could request to be found indigent as to the nominal fees associated with nonreporting probation in the event she was unable to pay those fees. The court ordered restitution in the amount of $1694 in favor of Pro Logistics, but specifically advised the parties that the restitution was "not a condition of Probation." *Id*. at 41. Jacobs now appeals the restitution order.

## Discussion and Decision

## Section 1 – The State presented sufficient evidence to support the restitution order.

[4] Jacobs first contends that the restitution order is not supported by sufficient evidence. In sentencing a criminal defendant, a trial court may order the defendant to "[m]ake restitution ... to the victim of the crime for damage ... that was sustained by the victim." Ind. Code § 35-38-2-2.3(a)(6). "An order of restitution is as much a part of a criminal sentence as a fine or other penalty." *Bell v. State*, 59 N.E.3d 959, 962 (Ind. 2016) (quotation marks and brackets omitted). The imposition of restitution falls "within the trial court's discretion, and we will reverse only on a showing of abuse of discretion." *Garcia v. State*, 47 N.E.3d 1249, 1252 (Ind. Ct. App. 2015), *trans. denied* (2016). An abuse of discretion occurs when the court's decision is against the logic and effect of the facts and circumstances before it. *Id*.

[5] "A restitution order must be supported by sufficient evidence of actual loss sustained by the victim of a crime." *Id*. "Evidence supporting a restitution order is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture." *Id*. We will affirm the trial court's decision regarding the amount of restitution to be paid if there is any evidence supporting the decision. *Smith v. State*, 990 N.E.2d 517, 520 (Ind. Ct. App. 2013), *trans. denied*.

[6] The trial court ordered Jacobs to pay Pro Logistics $1694 in restitution. Jacobs argues that the State presented insufficient evidence to support this estimation of the actual loss sustained. On the issue of restitution, Powell testified that Jacobs destroyed a computer and a printer. She stated that the estimated damage was $995 for the computer and $699 for the printer. She testified that the damage estimates were based on information she received from the company's lead IT employee who was familiar with the cost of replacement, setup, and installation of those pieces of equipment. This evidence is sufficient, as it afforded the trier of fact a reasonable basis for estimating the actual loss suffered by Pro Logistics. Accordingly, we affirm the trial court's decision regarding the amount of restitution to be paid.

## Section 2 – The trial court was not required to inquire into Jacobs's ability to pay.

[7] Jacobs next asserts that the trial court abused its discretion in entering a restitution order without first inquiring into her ability to pay. It is well settled that when restitution is ordered as a condition of probation or suspended

sentence, the court is required to inquire into the defendant's ability to pay. *Pearson v. State*, 883 N.E.2d 770, 772 (Ind. 2008). This rule is intended to prevent an indigent defendant from being imprisoned because of a probation violation based on her failure to pay restitution. *Bell v. State*, 59 N.E.3d 959, 963 (Ind. 2016). However, when restitution is ordered as part of an executed sentence, no inquiry into the ability to pay is required because restitution is merely a money judgment, and a defendant cannot be imprisoned for nonpayment. *Id.*

[8] The trial court here simply entered a money judgment against Jacobs. Indeed, the court declined to make the restitution order a condition of probation and specifically acknowledged, "We've not inquired [in]to her ability to pay. So I can't make it a condition of Probation." Tr. Vol. 2 at 40. Jacobs concedes this point but nevertheless argues that the trial court abused its discretion in failing to inquire into her ability to pay. Jacobs directs us to no legal authority, and we are unaware of any, which imposes such a requirement under the circumstances. The trial court did not abuse its discretion.

[9] Affirmed.

Najam, J., and Pyle, J., concur.