## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 17 2020, 10:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald J. Moore
The Moore Law Firm, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Roy Truman Nelson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | January 17, 2020<br><br>Court of Appeals Case No.<br>19A-CR-1562<br><br>Appeal from the Wayne Superior Court<br><br>The Honorable Charles K. Todd, Jr. Judge<br><br>Trial Court Cause No.<br>89D01-1903-F6-175 |

**May, Judge.**

[1]     Roy Truman Nelson appeals his sentence for Level 6 felony resisting law enforcement.[1] He argues his sentence is inappropriate in light of the nature of his offense and his character. We affirm.

## Facts and Procedural History

[2]     On March 9, 2019, Officer Tyler Smith and Officer Tyler Shoemaker of the Richmond Police Department received a dispatch regarding a possible domestic disturbance at Nelson's residence. The dispatch relayed that Nelson had left his house in a burgundy Kia Optima, that Nelson was intoxicated, and that Nelson did not have a valid driver's license. The officers located Nelson's vehicle and began to follow him in their police car. When the officers got behind Nelson's vehicle, Nelson immediately performed a u-turn. The officers also made a u-turn and activated their emergency lights and siren. However, Nelson did not pull over. He continued to drive for approximately one mile, and then he parked in the driveway of his house. The officers exited their car and repeatedly ordered Nelson to exit his vehicle. Nelson exited his vehicle, but he disobeyed the officers' commands to face away from them, to put his hands in the air, and to walk backward toward them. At one point, Officer Smith deployed his taser, but it was not effective. Eventually, the officers handcuffed Nelson.

---

[1] Ind. Code § 35-44.1-3-1 (2016).

[3] The State charged Nelson with Level 6 felony resisting law enforcement based on Nelson's act of fleeing from police officers in a vehicle after the officers activated their patrol vehicle's lights and siren. On May 16, 2019, Nelson pled guilty without a plea agreement. The trial court accepted his plea and entered the conviction. On June 11, 2019, the trial court held a sentencing hearing. On June 26, 2019, the trial court sentenced Nelson to an executed term of one and one-half years in the Wayne County Jail. The trial court found two aggravating circumstances: (1) Nelson's significant criminal history, and (2) Nelson's commission of the instant offense while on probation for a crime he committed in Virginia. Additionally, the trial court found Nelson's acceptance of responsibility and expression of remorse to be a mitigating circumstance.

# Discussion and Decision

[4] We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we determine] the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Our role in reviewing a sentence pursuant to Appellate Rule 7(B) "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "The defendant bears the burden of persuading this court that his or her sentence is inappropriate." *Kunberger v. State*, 46 N.E.3d 966, 972 (Ind. Ct. App. 2015). "Whether a sentence is

inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014).

[5] In assessing the nature of an offense, "the advisory sentence is the starting point for determining the appropriateness of a sentence." *Pelissier v. State*, 122 N.E.3d 983, 990 (Ind. Ct. App. 2019), *trans. denied*. We assess whether a particular offense is different from the "typical" offense accounted for by the legislature in setting the advisory sentence. *See Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*. A Level 6 felony is punishable by a term of imprisonment between six months and two and one-half years, with the advisory sentence being one year. Ind. Code § 35-50-2-7. Therefore, Nelson's sentence is above the advisory sentence but below the maximum sentence. Nelson acknowledges "his offense was serious in nature and put himself and police in danger." (Appellant's Br. at 15.) We agree and cannot say there is anything about his offense that makes it more or less egregious than the typical act of using a vehicle to resist law enforcement. *See Rich*, 890 N.E.2d at 54 (holding defendant's offense was not more or less egregious than a typical burglary).

[6] Nelson argues his sentence is inappropriate in light of his character because he is remorseful and is capable of being reformed. Nelson notes he was employed prior to his arrest and he hopes to return to work when released. In assessing a defendant's character, one relevant factor is the defendant's criminal history. *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied*.

Nelson's criminal history is significant. Nelson has seven prior felony convictions, including convictions of robbery with a dangerous weapon and assault by strangulation in North Carolina, and eleven misdemeanor convictions, including a previous resisting law enforcement conviction. His record includes five probation violations. That Nelson committed the current offense while on probation also reflects poorly on his character. *See Eisert v. State*, 102 N.E.3d 330, 335 (Ind. Ct. App. 2018) (stating defendant's repeated violations of the terms of pre-trial release and court orders "does not suggest [he] is a person who respects the law or the court's authority"), *trans. denied*.

[7] The trial court considered Nelson's expression of remorse at sentencing. Nelson's employment prior to incarceration and his desire to work when released from incarceration do not render his sentence inappropriate. *See Holmes v. State*, 86 N.E.3d 394, 399 (Ind. Ct. App. 2017) (stating "many people are gainfully employed; therefore, a defendant's employment is not necessarily a mitigating factor"), *trans. denied*. Therefore, in light of his offense and character, Nelson's sentence is not inappropriate. *See Garcia*, 47 N.E.3d at 1252 (holding sentence above the advisory sentence was not inappropriate given defendant's significant criminal history).

## Conclusion

[8] Nelson's sentence is not inappropriate given the nature of his offense and his character, particularly his significant criminal history and his status as a probationer at the time of the instant offense. Accordingly, we affirm.

[9] Affirmed.

Crone, J., and Pyle, J., concur.