## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2020, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Gay,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | January 31, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2204<br><br>Appeal from the Ripley Superior Court<br><br>The Honorable Jeffrey Sharp, Judge<br><br>Trial Court Cause No.<br>69D01-1805-F6-122 |

**Crone, Judge.**

# Case Summary

Michael Gay appeals the two-year executed sentence imposed by the trial court following his guilty plea to level 6 felony criminal recklessness and level 6 felony failure to appear. He contends that the sentence is inappropriate in light of the nature of the offenses and his character. Concluding that he has not met his burden to demonstrate that his sentence is inappropriate, we affirm.

# Facts and Procedural History

On May 2, 2018, Gay used methamphetamine, which he had done two to three times per week for many years. On that day, Gay got into an argument regarding property lines with Matthew Werner, his neighbor's nephew, as Werner was operating a tractor on his aunt's property, which was adjacent to Gay's property. Werner was using a planting attachment to plant grass in an open field. During Werner's first planting pass, Gay accused him of crossing onto Gay's property. Werner told Gay to move out of the way and continued to plant. Gay continued to yell at Werner every time Werner passed in the tractor. At some point during the verbal altercation, Gay announced that he was "going to get [his] pistol" and left the field. Tr. Vol. 2 at 46. Five hours later, at around 10:00 p.m., Werner was operating the tractor approximately fifty yards from Gay's property line when Gay fired a BB gun toward the tractor. One of the tractor windows exploded and shattered, with the broken glass hitting Werner and frightening him. Werner had no idea what had happened. He called the police. Werner was unable to operate the tractor for more than two weeks as he waited for over $1300 in repairs to be completed.

Werner now "duck[s]" or "cringe[s] up" out of fear when he hears loud booms or noises. *Id*. at 36.

[3] The State charged Gay with level 6 felony criminal recklessness. After he failed to appear at the pretrial conference, the trial court issued a bench warrant for his arrest. Thereafter, the State also charged Gay with level 6 felony failure to appear.

[4] On August 22, 2019, the parties entered into a plea agreement which provided for Gay to plead guilty to both level 6 felonies and for consecutive sentences of a maximum of two years for each felony. The trial court accepted the plea and imposed a two-year executed sentence on the criminal recklessness count and a consecutive eighteen-month suspended sentence on the failure to appear count. The court also ordered Gay to pay restitution in the amount of $1354.78. Gay now appeals the two-year executed sentence imposed for level 6 felony criminal recklessness.

## Discussion and Decision

[5] Gay requests that we reduce his sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate

sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. "The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007).

[6] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The sentencing range for a level 6 felony is between six months and two and a half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7. The trial court here imposed a two-year executed sentence for criminal recklessness and an eighteen-month suspended sentence for failure to appear. The two-year executed sentence imposed for criminal recklessness that is the subject of this appeal is above the advisory but below the maximum for that count, and we additionally note that the aggregate sentence for both of Gay's crimes is well below the four-year fully executed sentence he could have received pursuant to the plea agreement.

[7] When reviewing the nature of the offense, this Court considers "the details and circumstances of the commission of the offense." *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. Here, the trial court highlighted the following details and circumstances: Gay used methamphetamine, got involved in a heated verbal altercation about what would have been a minor, if any, encroachment, on his property, threatened Werner, and then came back five hours later and shot a "deadly weapon," albeit a BB gun, in the dark directly at the large piece of farm machinery Werner was operating, shattering its window. Tr. Vol. 2 at 102. The trial court noted that the results of Gay's actions could have been much worse and considered this "a very serious offense" and "an extreme overreaction" to the situation that "probably had something to do with [Gay's] methamphetamine use on that day." *Id*. The nature of Gay's offense does not lead us to conclude that the trial court's imposition of a sentence above the advisory sentence but below the maximum was inappropriate.

[8] Turning to his character, we note that the character of the offender is found in what we learn of the offender's life and conduct. *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). Included in that assessment is a review of an offender's criminal history. *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied* (2016). Although remote, Gay does have a criminal history which includes two misdemeanor convictions, one of which was originally entered as a class D felony. While we agree with Gay that his history is not significantly aggravating, we find it noteworthy that while out on bond for the

criminal recklessness charge, Gay failed to appear for a hearing and was then charged with level 6 felony failure to appear. The record further reveals that while he was out on bond in the current case, Gay was arrested in another county for possession of methamphetamine, and those charges were still pending at the time of sentencing. Gay admits that he has been using methamphetamine weekly for several years and that he has been using marijuana weekly for the last twenty-five years. Gay's recent criminal behavior and long-standing pattern of illegal drug use does not reflect favorably on his character. Under the circumstances, Gay has not persuaded us that a sentence reduction is warranted based upon his character. In sum, he has not met his burden to establish that the two-year executed sentence imposed by the trial court is inappropriate in light of the nature of his offenses and his character.

[9] Affirmed.

May, J., and Pyle, J., concur.