## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 05 2020, 10:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
| --- | --- |
| R. Patrick Magrath | Benjamin J. Shoptaw |
| Alcorn Sage Schwartz & Magrath, LLP | Deputy Attorney General |
| Madison, Indiana | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Tammy Blevins, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff,* | June 5, 2020 <br><br> Court of Appeals Case No. 19A-CR-2822 <br><br> Appeal from the Decatur Superior Court <br><br> The Honorable Matthew D. Bailey, Judge <br><br> Trial Court Cause Nos. 16D01-1710-F6-1041 16D01-1811-CM-1491 |

**Robb, Judge.**

# Case Summary and Issue

[1]    Following a guilty plea in two separate causes, Tammy Blevins was convicted of operating a vehicle with an alcohol concentration equivalent ("ACE") of at least .15 as a Level 6 felony and operating a vehicle while intoxicated as a Class A misdemeanor. Blevins also admitted to being an habitual vehicular substance offender with respect to each cause. The trial court sentenced Blevins to an aggregate sentence of approximately six years, including 360 day consecutive sentences for each of her convictions and concurrent 1,440 day enhancements to each sentence due to her status as an habitual vehicular substance offender. The sentences were ordered to be served in the Indiana Department of Correction ("DOC"), with 360 days suspended to probation. Blevins appeals her sentence and raises one issue for our review: whether her sentence is inappropriate in light of the nature of her offenses and her character. Concluding that Blevins' sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2]    On October 5, 2017, at approximately 1:00 a.m., Officer Patrick Richards of the Decatur County Sheriff's Department responded to a call that a blue truck had run into a sign at a St. Paul gas station. When Officer Richards arrived at the scene, he found the blue truck running in the parking lot with Blevins standing outside the driver's side door. Blevins had driven the truck to the gas station and told Officer Richards that she had backed up near the sign but was not aware that she had hit it. While speaking with Blevins, Officer Richards

identified signs of intoxication, including that Blevins smelled of alcohol, had bloodshot and glassy eyes, unsteady balance, and slurred speech. Blevins indicated that "she had drank a few but couldn't recall how many." Appellant's Appendix, Volume 2 at 8. Officer Richards subsequently administered a series of field sobriety tests, all of which Blevins failed. Officer Richards then transported Blevins to the Decatur County Jail where a chemical test showed she had an ACE of .159. The State charged Blevins with Count I, operating a vehicle while intoxicated, a Class C misdemeanor, under cause number 16D01-1710-F6-1041 ("Cause Number 1041"). The State later amended its charging information to include Count II, operating a vehicle with an ACE of at least .15, a Class A misdemeanor; a sentencing enhancement under Indiana Code section 9-30-5-3(a)(1) for having a prior conviction for operating a vehicle while intoxicated; and an habitual vehicular substance offender enhancement alleging that Blevins had accumulated two or more prior unrelated vehicular substance offense convictions.

[3]     While Cause Number 1041 was still pending, at approximately 12:40 a.m. on November 18, 2018, Officer James Herbert with the Indiana State Police observed a vehicle in front of him traveling approximately thirty-seven miles per hour in a twenty-five miles per hour zone. He also observed the vehicle "weaving in its lane of travel" in a "zigzag pattern from its side of the road into the [oncoming] lane." *Id.*, Vol. 3 at 7. Officer Herbert initiated a traffic stop and discovered that Blevins was the driver. Officer Herbert identified signs of intoxication, including that Blevins smelled of alcohol, had bloodshot and

glassy eyes, poor balance and dexterity, and slow and slurred speech. Blevins admitted to drinking alcohol earlier in the evening. As a result, Officer Herbert administered a field sobriety test that Blevins failed. Officer Herbert transported Blevins to the Decatur County Jail where a chemical test showed she had an ACE of .139. The State charged Blevins with Count I, operating a vehicle while intoxicated in a manner that endangered a person, a Class A misdemeanor, under cause number 16D01-1811-CM-1491 ("Cause Number 1491"). The State later amended its charging information to include Count II, operating a vehicle with an ACE of at least .08, a Class C misdemeanor, and an habitual vehicular substance offender enhancement alleging that Blevins had accumulated two or more prior unrelated vehicular substance offense convictions.

[4] On August 7, 2019, the parties appeared for a pre-trial conference on Cause Numbers 1041 and 1491, and Blevins moved to "withdraw her previously entered plea of not guilty in both of those cause numbers and enter a plea of guilty, not pursuant to a plea agreement, but open as to sentencing." Transcript, Volume 2 at 5. In Cause Number 1041, Blevins pleaded guilty to both Count I and Count II and admitted to having a prior conviction and being an habitual vehicular substance offender. Likewise, in Cause Number 1491, Blevins pleaded guilty to both Count I and Count II and admitted to being an habitual vehicular substance offender. The trial court took the guilty pleas under advisement.

[5] Blevins was then sentenced for Cause Numbers 1041 and 1491 in a single hearing on October 29, 2019. As to Cause Number 1041, the trial court

accepted Blevins' guilty plea and entered judgment of conviction only for Count II, operating a vehicle with an ACE of at least .15 as a Level 6 felony due to the enhancement for a prior conviction, and sentenced her to 360 days to be served in the DOC. With regard to Cause Number 1491, the trial court again accepted Blevins' guilty plea and entered judgment of conviction only for Count I, operating a vehicle while intoxicated as a Class A misdemeanor, and sentenced her to serve 360 days with 360 days suspended to probation.[1] Those sentences were ordered to be served consecutively. In addition, the trial court found Blevins to be an habitual vehicular substance offender and enhanced her sentences in both Cause Numbers by approximately four years, with the enhancements to be served concurrently. In total, Blevins was sentenced to approximately six years to be served in the DOC, with 360 days suspended to probation. Blevins now appeals. Additional facts will be supplied as necessary.

# Discussion and Decision

## I. Standard of Review

Under Indiana Appellate Rule 7(B), we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we] find[] that the sentence is inappropriate in light of the nature of the offense and the character

---

[1] At the sentencing hearing, the trial court stated that Blevins' sentence in Cause Number 1491 was suspended to probation for 350 days, as she was required to serve ten actual days as a mandatory minimum sentence. *See* Tr., Vol. 2 at 40. However, the trial court's written Judgment of Conviction and Sentencing Order reflects that all 360 days are suspended to probation. Neither party raises this apparent conflict, however, and we therefore will not address it.

of the offender." The principal role of Rule 7(B) review "is to leaven the outliers, rather than to achieve a perceived 'correct' sentence." *McCallister v. State*, 91 N.E.3d 554, 566 (Ind. 2018). We do not undertake the Rule 7(B) analysis to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). We may consider any factors in the record when conducting a Rule 7(B) review, but sentencing is primarily a discretionary function of the trial court that we afford considerable deference. *Morris v. State*, 114 N.E.3d 531, 538 (Ind. Ct. App. 2018), *trans. denied*. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The defendant bears the burden of persuading this court on appeal that her sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006).

## II.  Inappropriate Sentence

### A.  Nature of the Offense

Blevins argues that her sentence is inappropriate in light of the nature of her offenses because her offenses could not be characterized as "egregious or severe." Appellant's Brief at 11. She maintains that because no one was injured and she had no intent to injure others, her offenses did not warrant a lengthy sentence.

[8]     We begin our analysis of the nature of the offense with the advisory sentence, which is the starting point selected by our legislature as an appropriate sentence for the crime committed. *Reis v. State*, 88 N.E.3d 1099, 1104 (Ind. Ct. App. 2017). Under Cause Number 1041, Blevins was convicted of operating a vehicle as a Level 6 felony due to a prior conviction for operating a vehicle while intoxicated. The sentencing range for a Level 6 felony is six months to two and one-half years with the advisory sentence being one year. Ind. Code § 35-50-2-7(b). The trial court sentenced Blevins to 360 days executed in the DOC, which is less than the maximum sentence allowed and slightly less than the advisory sentence. Under Cause Number 1491, Blevins was convicted of operating a vehicle while intoxicated as a Class A misdemeanor. A person convicted of a Class A misdemeanor shall be imprisoned for not more than one year. Ind. Code § 35-50-3-2. Blevins was sentenced to just shy of one year. Under both Cause Numbers, Blevins' sentences were enhanced by four years due to her habitual vehicular substance offender status. The sentencing range for a person found to be an habitual vehicular substance offender is at least one year but not more than eight years of imprisonment. Ind. Code § 9-30-15.5-2(d). Here, the four-year enhancements were well below the maximum time permitted under the statute. Thus, Blevins' total sentence was not as lengthy as it could have been.

[9]     The nature of the offense is also found in the details and circumstances surrounding the offense and the defendant's participation therein. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). Blevins was charged with operating a

vehicle while intoxicated twice in slightly over one year. In the 2017 incident, Blevins damaged a sign on gas station property. In the 2018 incident, Blevins drove over the speed limit and in an erratic manner. Moreover, in Cause Number 1401, Blevins' ACE was .159 and in Cause Number 1491 her ACE was .139 – both well above the legal limit of .08 in Indiana. Although fortunately, Blevins' actions did not injure anyone, she put the safety of herself and others at risk by operating a vehicle on the road while intoxicated on two different occasions. Blevins has failed to demonstrate that the nature of her offenses renders her sentence inappropriate.

## B. Character of the Offender

[10] Blevins next contends that her sentence is inappropriate with regard to her character. "A defendant's life and conduct are illustrative of his or her character." *Morris*, 114 N.E.3d at 539. One relevant factor in assessing character on appellate review is the defendant's criminal history. *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied*. The significance of a criminal history "varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Blevins' criminal history is comprised of six prior misdemeanors, including two previous offenses of operating a vehicle while intoxicated, and one prior felony. After Blevins was charged and released in Cause Number 1041, she was arrested approximately a week later in an unrelated matter in Shelby County. In the Shelby County case, Blevins was charged with interfering with reporting a crime after she attempted to stop her

mother from calling the police. At the time, Blevins was highly intoxicated, registering .194 in a portable breath test. *See* Tr., Vol. 2 at 28. Blevins was placed on probation for the Shelby County incident and ultimately violated that probation by committing the 2018 crime charged in Cause Number 1491. Therefore, she committed the 2018 crime while being on both pre-trial release *and* probation.

[11] Blevins points to evidence offered at the sentencing hearing demonstrating her good character. Blevins notes that she is the sole caretaker for her eighty-three-year-old mother and that her incarceration will be a great hardship on her mother. Although Blevins' incarceration will undoubtedly have an impact on her mother, who testified she relies on Blevins for "everything" now that her husband and son have passed, tr., vol. 2 at 33, every family member suffers some form of hardship when a family member is incarcerated, *see Moyer v. State*, 83 N.E.3d 136, 143 (Ind. Ct. App. 2017) (noting that "any incarceration is likely to produce some hardship for the family"), *trans. denied*. The State argues, and we agree, that if her mother's wellbeing were a true consideration for Blevins, she would not have continued to commit crimes that resulted in her being in this position. *See* Brief of Appellee at 9. Blevins also points to the facts that she has had significant losses, such as the death of her father, that contributed to her use of alcohol; that she accepted responsibility for her actions; and that she was remorseful for her conduct. But none of her contentions are so compelling that they would suggest her character is

consistently positive and should overcome her criminal history and her current actions. *See Stephenson*, 29 N.E.3d at 122.

[12] Simply put, Blevins behavior contradicts her assertion that she is remorseful and serious about reformation. She appears primarily remorseful that she got caught. And there is no evidence in the record of her completing – or even attempting – any substance abuse treatment that would help her address her alcohol abuse problem. Her actions show that even pending charges have not deterred her from committing additional offenses and illustrate her conscious disregard for the rule of law. *See Rutherford*, 866 N.E.2d at 874. Accordingly, Blevins has failed to persuade us that her character renders her sentence inappropriate.

[13] In sum, Blevins has failed to meet her burden of persuading us that her six-year sentence for multiple counts of operating a vehicle while intoxicated and her status as an habitual vehicular substance offender is inappropriate in light of her offenses and character.

# Conclusion

[14] After reviewing the record and giving due consideration to the trial court's sentencing decision, we conclude Blevins' six-year sentence is not inappropriate in light of her offenses and her character. Accordingly, we affirm.

[15] Affirmed.

May, J., and Vaidik, J., concur.