## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 01 2018, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael Frischkorn
Fortville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Crosby Rayne Waller, *Appellant-Defendant,* | November 1, 2018 |
| v. | Court of Appeals Case No. 18A-CR-1401 |
| | Appeal from the Hamilton Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable William J. Hughes, Judge |
| | Trial Court Cause No. 29D03-1710-F5-7768 |

**Najam, Judge.**

# Statement of the Case

[1] Crosby Rayne Waller appeals his sentence following his guilty plea to domestic battery, as a Level 6 felony. He raises a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character.

[2] We hold that, because Waller has failed to present any authority or analysis with respect to whether his sentence is inappropriate in light of the nature of his offense, he has waived appellate review of the inappropriateness of his sentence. However, his waiver notwithstanding, Waller has failed to persuade us that his sentence is inappropriate. Accordingly, we affirm.

# Facts and Procedural History

[3] On October 24, 2017, Waller engaged in a physical altercation with his father, Stephen Waller. Waller's mother witnessed the altercation, and she called the police. Officer Wade Burtron with the Westfield Police Department responded to the call. After Officer Burtron arrived at the scene, he took a report from Stephen. Stephen told Officer Burtron that Waller had punched him in the face and kicked and hit him multiple times. Officer Burtron was able to observe that Stephen had a cut on his forehead that was bleeding, a scrape on his elbow, and a cut on his knee. Officer Burtron arrested Waller and read him his *Miranda* rights. Waller admitted to Officer Burtron that he had punched Stephen in the head.

On October 25, the State charged Waller with one count of domestic battery, as a Class A misdemeanor ("Count 1"); one count of domestic battery, as a Level 6 felony ("Count 2"); and one count of domestic battery, as a Level 5 felony ("Count 3"). On March 1, 2018, the State and Waller entered into a plea agreement. Pursuant to the terms of the agreement, Waller agreed to plead guilty to Count 2, and the State agreed to dismiss Counts 1 and 3. The plea agreement left sentencing to the discretion of the trial court. After a hearing, the trial court accepted Waller's guilty plea and sentenced him to 730 days executed in the Department of Correction. This appeal ensued.

## Discussion and Decision

On appeal, Waller asserts that his 730-day executed sentence is inappropriate in light of the nature of the offense and his character. However, the entirety of Waller's argument on appeal is as follows:

> Mr. Waller immediately admitted to the offense at the time of the incident after being read his *Miranda* rights. He has saved the State the time and expense of going to trial. Also, Mr. Waller has a number of mental health issues that are set out at length in the Pre-Sentence Investigation Report. Mr. Waller has been diagnosed from an early age with high-functioning autism. Also, he has substance abuse issues and has had difficulties with his gender identity which led to bullying in school. During the interview, Mr. Waller ha[d] fresh cuts on his arms and a history of self-harm. Based on Mr. Waller's history and mental health issues, an executed sentence is not appropriate.

Appellant's Br. at 6-7 (internal citations omitted). As such, Waller's argument is that his executed sentence is inappropriate only in light of his character.

However, that argument, by itself, is not sufficient to invoke this court's authority to revise a sentence under Indiana Appellate Rule 7(B).

[6] As this court has recently explained:

> Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[ ] independent appellate review and revision of a sentence imposed by the trial court." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id*. Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is "inappropriate in light of the nature of his offenses *and* his character." Ind. Appellate Rule 7(B) (emphasis added). That language is clear: Rule 7(B) plainly requires, as this court has long acknowledged, "the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of the offenses and his character." *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (emphasis original to *Williams*).

*Sanders v. State*, 71 N.E.3d 839, 843-44 (Ind. Ct. App. 2017), *trans denied*. Because Waller's argument on appeal does not address his sentence in relation to the nature of his offense, he has waived our review of the inappropriateness of his sentence. *See id*.

[7] His waiver notwithstanding, Waller has failed to persuade us that his executed sentence is inappropriate. Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of

the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Further, the location where a sentence is to be served is an appropriate focus of our review and revise authority. *See Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007).

[8] Here, aside from providing no authority or analysis concerning the nature of his offense, Waller has not shown that his sentence is inappropriate in light of his character. "When considering the character of the offender, one relevant fact is the defendant's criminal history." *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015). Waller's criminal history consists of four prior misdemeanor convictions and one prior felony conviction. And two of those prior offenses were similar in nature to the instance offense. Indeed, Waller had previously been convicted of two separate crimes of battery, one as a Class A misdemeanor and one as a Level 6 felony. Additionally, Waller was on probation for his felony battery conviction when he committed the instant battery offense. Waller's criminal history reflects poorly on his character.

Further, the fact that Waller committed the instant offense against his own father also reflects poorly on his character. We cannot say that Waller's 730-day executed sentence is inappropriate in light of the nature of the offense and his character. As such, we affirm Waller's sentence.

[9] Affirmed.

Pyle, J., concurs.
Crone, J., concurs in result.