# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 12 2019, 7:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Phillip Struble,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 12, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2851<br><br>Appeal from the Dearborn<br>Superior Court<br><br>The Honorable Jonathan N.<br>Cleary, Judge<br><br>Trial Court Cause No.<br>15D01-1703-F6-84 |

**Tavitas, Judge.**

# Case Summary

[1] Phillip J. Struble appeals his sentence, received pursuant to his guilty plea, for operating a vehicle as a habitual traffic violator, a Level 6 felony. We affirm.

# Issue

[2] Struble raises one issue, which we restate as whether his sentence is inappropriate in light of the nature of his offense and his character.

# Facts[1]

[3] On October 15, 2016, Struble was on work release at the Dearborn County Jail serving a sentence on an unrelated case. A community corrections officer at the Dearborn County Jail called law enforcement and reported that Struble left the jail for work and was operating a vehicle without a license. A law enforcement officer conducted a traffic stop and determined that Struble's license was suspended for being a habitual traffic violator. Struble was then placed into custody. The officer impounded the vehicle and conducted an inventory search of the vehicle. During the inventory, the officer found a plastic bag with white powder residue that tested positive for hydrocodone.

[4] The State charged Struble with Count I, operating a vehicle as a habitual traffic violator; and Count II, possession of a narcotic, both Level 6 felonies. On

---

[1] Struble did not obtain the guilty plea hearing transcript for this appeal, and it appears that Struble and the State cite to the probable cause affidavit for the statement of facts in their briefs. We, therefore, will do the same.

October 25, 2017, Struble pleaded guilty to operating a vehicle as a habitual traffic violator, a Level 6 felony. The remaining count was dismissed.

[5] At sentencing, Struble admitted that, on October 15, 2016, he drove a short distance from the jail to Ivy Tech Community College. Struble's fiancée attended class at Ivy Tech and typically drove Struble to work. Struble's intention was to move the vehicle to his fiancée's location so she could take him to work.

[6] The trial court sentenced Struble to two years, fully executed. In imposing the sentence, the trial court found:

> As far as the nature of the criminal offense, it's undisputed that on October fifteenth of two-thousand sixteen, M[r.] Struble was on work release at the Dearborn County Jail serving a sentence on a [sic]. . . unrelated case. The community corrections officers observed him [ ] driving, he was charged with operating as a habitual traffic violator. There was also a white powder in a bag located inside [the] car, that was tested for hydrocodone, a schedule two controlled substance. The Court does note that the State dismissed the drug charge. The Court finds that the culpability of M[r.] Struble is high. To be on work on [sic] release and to be committing a felony while he's on work release, and the severity of that crime, with his criminal history to be given the opportunity to keep his job and do work release, and to be out committing another felony. The Court does find that the severity of the crime is high. As far as mitigating factors, the Court does consider that he has plead [sic] open to the Court, the dependent children that he does have, and also the mental and physical health that his counsel has shared here this morning. The Court is required to consider the criminal history under Indiana Law. It began as a juvenile history. . . . There was then the adult history . . . . So, there's been, as stated previously, the

criminal history is extensive. Based upon the extensive criminal history, combined with M[r.] Struble not appearing in Court for a period of nine months on a failure to appear warrant for sentencing, the Court does accept the State's recommendation, seven hundred and thirty day sentence, none of that time is suspended . . . .

Tr. Vol. I pp. 15-19. Struble now appeals.

## Analysis

[7]   Struble asks that we review and revise his sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this court that his or her sentence is inappropriate. *Wilson v. State,* 966 N.E.2d 1259, 1266 (Ind. Ct. App. 2012) (citing *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006)), *trans. denied*.

[8]   In Indiana, trial courts can tailor an appropriate sentence to the circumstances presented; the trial court's judgment receives "considerable deference." *Sanders v. State,* 71 N.E.3d 839, 844 (Ind. Ct. App. 2017) (quoting *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. Ct. App. 2008)), *trans. denied.* In conducting our review, we do not look to see whether the defendant's sentence is appropriate or "if another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Sanders,* 71 N.E.3d at 844 (citing *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008)).

[9] We look to the statutory range established for the classification of the offense. The sentence for a Level 6 felony ranges from six months to two-and-a-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7. Here, the trial court imposed a two-year fully executed sentence for operating a vehicle as a habitual traffic violator, a Level 6 felony.

[10] "[T]he advisory sentence is the starting point the Legislature has selected as an appropriate sentence." *Green v. State*, 65 N.E.3d 620, 637-38 (Ind. Ct. App. 2016), *trans. denied*. A deviation from the advisory sentence, when determining the appropriateness of a sentence, requires us to examine whether there is anything more or less egregious about the offense committed by Struble that "makes it different from the 'typical' offense accounted for by the legislature when it set the advisory sentence." *See Holloway v. State*, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011) (quoting *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*).

[11] Pursuant to Indiana Appellate Rule 7(B), we first review the nature of Struble's offense. As the trial court observed:

> To be on work on [sic] release and to be committing a felony
> while he's on work release, and the severity of that crime, with
> his criminal history to be given the opportunity to keep his job
> and do work release, and to be out committing another felony.
> The Court does find that the severity of the crime is high.

Tr. Vol. I p. 16. Regardless of his assertion that he drove only a short distance, Struble was an inmate on work release when he drove away from jail, knowing

that he was a habitual traffic violator without a valid license. Upon searching the vehicle, officers found a plastic bag with white powder residue that tested positive for hydrocodone.

[12] Next, we consider Struble's character. "When considering the character of the offender, one relevant fact is the defendant's criminal history." *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied.* Struble has a lengthy criminal history that began in 1992, which does not reflect well upon his character. As a juvenile, Struble was adjudicated as a delinquent for acts that would be considered: (1) criminal mischief, (2) operating a vehicle without ever receiving a license, (3) two counts of illegal consumption of alcohol by a minor, (4) theft, and (5) possession of marijuana, if committed by an adult. Struble also has an extensive adult criminal record, which includes fifteen convictions in Indiana and Ohio. As of the date of the presentence investigation report, Struble had six pending causes in Ohio. He has failed to conform his actions in response to more lenient sentencing options, with multiple probation revocations and work release violations. In the instant case, Struble was serving a work release sentence when he committed the instant felony. Additionally, Struble had an outstanding failure to appear warrant for nine months for sentencing in the present case.

[13] Struble's criminal history demonstrates a substantial disregard for the criminal justice system. While Struble's entry of a guilty plea may reflect well upon his character, and the trial court noted Struble's dependent children and his mental and physical health as mitigating factors, these factors do not outweigh his

extensive criminal history. Struble has not convinced us that his two-year sentence is inappropriate in light of the nature of his offense and his character.

## Conclusion

Struble has failed to demonstrate that his sentence is inappropriate in light of the nature of his offense and his character. We affirm.

Affirmed.

Crone, J., and Bradford, J., concur.