# FOR PUBLICATION



FILED

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**MARTIN A. HARKER**
**REBECCA L. LOEFFLER**
Kiley, Harker & Certain
Marion, Indiana

APPELLEE PRO SE:

**MICHAEL K. SOLMS**
Fairmount, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHERIE SOLMS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 27A02-1204-PO-279 |
| | ) | |
| MICHAEL SOLMS, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Jeffrey D. Todd, Judge
Cause No. 27D01-1201-PO-78

**November 7, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Cherie Solms appeals the trial court's dismissal of her petition for an order for protection against her former husband, Michael Solms. Cherie raises a single issue for our review, namely, whether the trial court erred when it dismissed her petition. We reverse and remand with instructions.

**FACTS AND PROCEDURAL HISTORY**

The facts are not disputed.[1] On January 28, 2012, Michael arrived at Cherie's residence to collect items he had been awarded in their decree of dissolution of marriage. Cherie had requested Grant County Sheriff's Deputy Matthew Ogden be present while Michael was collecting his things. During the time Michael was at Cherie's, they had an argument over what Michael could take with him. Deputy Ogden asked for a copy of the dissolution decree, which Michael produced. Deputy Ogden gave the copy to Cherie, but Michel grabbed it back. Deputy Ogden told the two that they were not going to argue over a piece of paper and returned the decree to Cherie.

About an hour and a half later, Deputy Ogden told Michael that he had had enough time to gather his things and needed to go. Michael then said that Cherie "had no morals and that . . . it's too bad you can't shoot people that don't have morals." Transcript at 6-7. Michael made that statement to Deputy Ogden and in front of four children. Cherie later testified that Michael's statement caused her to be afraid.

On January 31, Cherie filed her petition for an order for protection against Michael. Cherie asserted that she was or has been a victim of domestic or family

---

[1] Michael sets forth other facts in his brief. But Michael has not provided this court with any citation to the record on appeal or an appendix to support any of his factual assertions. See Ind. Appellate Rules 46(A)(6)(a), 46(B). Accordingly, we do not consider Michael's unsupported factual assertions.

2

violence, that Michael used to be her husband, and that he threatened to cause her physical harm and placed her in fear of physical harm. As part of her petition, Cherie asked that the order for protection prohibit Michael from using or possessing a firearm or deadly weapon and to surrender any such weapons under his control to law enforcement. The court issued a temporary, ex parte order for protection that same day, pending an evidentiary hearing.

On February 29 and March 5, the court held an evidentiary hearing on Cherie's petition. Michael appeared in person and by counsel. Following the hearing, on March 6 the court entered a general order dismissing Cherie's petition and terminating the January 31 ex parte order for protection. This appeal ensued.

## DISCUSSION AND DECISION

Cherie appeals the trial court's dismissal of her petition for an order for protection. Initially, however, we note that Michael has filed a brief without any supporting citations to the appellate record or the appendices, contrary to the requirements of Indiana Appellate Rule 46(A)(6)(a). Michael's wholesale failure to follow our appellate rules has made his assertions unduly burdensome to verify. Accordingly, Michael's brief carries no persuasive value and has the same effect as if no brief had been filed. See, e.g., Keeney v. State, 873 N.E.2d 187, 190 (Ind. Ct. App. 2007) (noting that it "is within our authority to strike the brief entirely" when proper citation is omitted).

"When an appellee fails to submit a brief in accordance with our rules, we need not undertake the burden of developing an argument for the appellee." McKinney v. McKinney, 820 N.E.2d 682, 685 (Ind. Ct. App. 2005). Rather, we apply a less stringent

3

standard of review, and we may reverse the trial court if the appellant establishes prima facie error. Id. "Prima facie" means at first sight, on first appearance, or on the face of it. Id. This standard prevents two evils that would otherwise undermine the judicial process. Pala v. Loubser, 943 N.E.2d 400, 407 (Ind. Ct. App. 2011), trans. denied. By requiring the appellant to show some error, we ensure that the court, not the parties, decides the law. Id. By allowing the appellant to prevail upon a showing of only prima facie error, we avoid the improper burden of having to act as advocate for the absent appellee. Id.

The Indiana Civil Protection Order Act ("CPOA") "shall be construed to promote the: (1) protection and safety of all victims of domestic or family violence in a fair, prompt, and effective manner; and (2) prevention of future domestic and family violence." Ind. Code § 34-26-5-1; Moore v. Moore, 904 N.E.2d 353, 358 (Ind. Ct. App. 2009). Indiana Code Section 34-26-5-2(a) provides: "A person who is or has been a victim of domestic or family violence may file a petition for an order of protection against a: (1) family or household member who commits an act of domestic or family violence." "Domestic or family violence" means "[a]ttempting to cause, threatening to cause, or causing physical harm to another family or household member" or "[p]lacing a family or household member in fear of physical harm." I.C. § 34-6-2-34.5(1), (2). And "family or household member" is defined, in relevant part, as "a current or former spouse of the other person." I.C. § 34-6-2-44.8(a)(1).

Generally, a trial court has discretion to grant protective relief according to the terms of the CPOA. See I.C. § 34-26-5-9. However, a finding that domestic or family violence has occurred sufficient to justify the issuance of an order for protection means

4

that the respondent represents a credible threat to the safety of the petitioner. I.C. § 34-26-5-9(f). Therefore, upon a showing of domestic or family violence by a preponderance of the evidence, the trial court "shall grant relief necessary to bring about a cessation of the violence or the threat of violence." Id. "The relief may include an order directing a respondent to surrender to a law enforcement officer or agency all firearms, ammunition, and deadly weapons . . . in the control, ownership, or possession of a respondent." Id.

Here, the undisputed evidence shows that Michael committed an act of domestic or family violence against a family or household member. Specifically, he stated that Cherie "had no morals and . . . it's too bad you can't shoot people that don't have morals." Transcript at 6-7. Michael made that statement to Deputy Ogden, a law enforcement officer, and in front of Cherie and four children. Cherie interpreted this statement as a threat of physical harm, and it placed her in fear of physical harm. During the evidentiary hearing, Michael tried to pass his statement off as simply a "bad choice of words," and added, "I wasn't even talking to her." Id. at 70. While the statement may have been directed to Deputy Ogden, the statement was made for Cherie to hear and, thus, in effect was directed to her.

Given our prima facie error standard of review, Cherie has met her burden on appeal to show the trial court erred when it dismissed her petition for an order for protection. The undisputed evidence demonstrated, by a preponderance of the evidence, an occurrence of domestic or family violence against a family or household member. Accordingly, the trial court "shall grant relief necessary to bring about a cessation of the violence or the threat of violence." I.C. § 34-26-5-9(f).

5

We reverse the trial court's dismissal of Cherie's petition for an order of protection and remand to the trial court for it to determine the proper scope Cherie's order of protection should take, including the question of whether Michael must surrender any weapons under his control to law enforcement.

Reversed and remanded with instructions.

KIRSCH, J., and MAY, J., concur.