

FILED

Mar 31 2020, 10:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Russell B. Cate
Cate, Terry & Gookins LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lisa J. Lisk,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 31, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2602<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable David K. Najjar,<br>Judge<br><br>Trial Court Cause No.<br>29D05-1808-F6-5945 |

**Baker, Judge.**

[1] Lisa Lisk appeals the sentence imposed by the trial court after she pleaded guilty to Level 6 Felony Theft. Lisk argues that the amount of the restitution order is not supported by sufficient evidence and that the sentence is inappropriate in light of the nature of the offense and her character. Finding no error with respect to the restitution order and that the sentence is not inappropriate, we affirm.

## Facts

[2] On July 17, 2018, Alexis Roach arrived at Pinheads Bowling alley to begin her shift for the evening. She brought her purse with her, which held $400 in cash, debit and credit cards, a liquor license, a birth certificate, her driver's license, her daughter's social security card, and the key fob to Roach's vehicle. Lisk was also working at Pinheads, and took Roach's purse with her when she left for the night. Lisk received a ride home from a Lyft driver. When they arrived at Lisk's house, she left Roach's purse in the backseat of the vehicle. The driver contacted Roach the next morning and returned her purse; the only item missing was the $400 in cash, which Roach reported as stolen.

[3] On August 23, 2018, the State charged Lisk with theft as a Level 6 felony and as a Class A misdemeanor. On August 19, 2019, Lisk entered an open guilty

plea to Level 6 felony theft; the State dismissed the Class A misdemeanor charge.[1]

[4] At the October 8, 2019, sentencing hearing, the presentence investigation report (PSI) was entered into evidence. The PSI included the probable cause affidavit prepared by the investigating officer, which stated that $400 in cash had been taken from Roach's purse. No witnesses testified and the hearing primarily consisted of legal arguments made by the attorneys. The State requested that $400 in restitution be paid to Roach. Lisk did not contest this amount or object to restitution.

[5] At the close of the hearing, the trial court ordered Lisk to pay $400 in restitution and sentenced her to two and one-half years imprisonment, with six months to be served on community corrections. Lisk now appeals.

# Discussion and Decision

## I. Restitution

[6] First, Lisk argues that the trial court committed fundamental error regarding the restitution order. Generally, a restitution order is within the trial court's discretion and we will reverse only when its decision is clearly against the logic and effect of the facts and circumstances before it. *Sickels v. State*, 982 N.E.2d

---

[1] The charging information alleges that Lisk stole Roach's purse; it does not refer to specific contents of the purse, including the cash. Appellant's App. Vol. II p. 12. Taking the purse is also what Lisk admitted to doing at the guilty plea hearing. Tr. Vol. II p. 13. At no point did Lisk admit that she took a certain amount of money from Roach.

1010, 1013 (Ind. 2013). Where, as here, counsel did not object, the appellant must show fundamental error to merit relief on appeal. *Morris v. State*, 2 N.E.3d 7, 9 (Ind. Ct. App. 2013). Fundamental error occurs "when the error was a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013) (internal quotation marks omitted).

[7] Indiana Code section 35-50-5-3(a) states that restitution orders must be based upon a consideration of evidence regarding the victim's losses. In other words, "[a] restitution order must be supported by sufficient evidence of actual loss sustained by the victim of a crime." *Garcia v. State*, 47 N.E.3d 1249, 1252 (Ind. Ct. App. 2015). In *Garcia*, the only evidence of the amount of the victim's loss supplied by the State at the sentencing hearing was the probable cause affidavit. This Court "decline[d] to accept that document as a valid basis for upholding the order herein. The State offered no other proof of the amount of [the victim's] loss, [the victim] was not present at the sentencing hearing, and no additional evidence or testimony concerning this estimate was presented." *Id.* (also observing that the statement of facts in a probable cause affidavit poses a risk of unreliability that the hearsay rule is designed to protect against). This Court noted that the State could have met its burden of establishing the restitution amount by obtaining an affidavit from the victim (or offering the victim's testimony at the hearing). *Id.* at 1253. Absent that evidence, the restitution order was erroneous.

[8]     We find *Garcia* to be distinguishable from the case before us. Whereas in Garcia, the defendant objected to the restitution order and amount, in this case, no such objection was made—either to the PSI, the included probable cause affidavit, or the restitution order—meaning that the trial court did not have the opportunity to address the issue. Under these circumstances, we do not believe that *Garcia* compels a reversal.

[9]     Moreover, even if it there was error with respect to the restitution order, we find that it was not fundamental. "Evidence supporting a restitution order is sufficient 'if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.'" J.H. v. State, 950 N.E.2d 731, 734 (Ind. Ct. App. 2011) (quoting T.C. v. State, 839 N.E.2d 1222, 1227 (Ind. Ct. App. 2005)). Additionally, the "[s]trict rules of evidence do not apply in sentencing hearings, and hearsay evidence . . . is admissible." Lasley v. State, 510 N.E.2d 1340, 1342 (Ind. 1987). In this case, the uncontested evidence presented to the trial court regarding restitution can be found in the probable cause affidavit, which was supported by Roach's statement that $400 had been stolen from her purse. We can only find that this evidence provided a sufficient basis for determining the loss and did not require the trial court to base its order on mere speculation or conjecture. Consequently, we decline to reverse the restitution order.

# II. Appropriateness

[10] Lisk also argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and her character pursuant to Indiana Appellate Rule 7(B). We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[11] Lisk pleaded guilty to a Level 6 felony, for which she faced a sentence of six months to two and one-half years, with an advisory term of one year. Ind. Code § 35-50-2-7(b). The trial court imposed the maximum term but ordered that six months of the sentence be served on community corrections.

[12] As to the nature of Lisk's offense, she took advantage of a coworker by stealing an unattended purse from the employee area at their place of work. After taking the cash from the purse, Lisk then left it in the backseat of a Lyft vehicle. Given that the purse contained many important personal items, including a social security card and birth certificate, this action could have caused Roach substantial harm. Lisk's actions also left Roach stranded at work, with no money, driver's license, or car keys.

[13] As to Lisk's character, she has a lengthy criminal history that includes convictions related to dishonesty, such as theft, fraud, and identity deception.

She has violated the terms of alternative placement in previous cases and was on probation at the time she committed the instant offense. The trial court also noted that Lisk had lied during the presentence investigation interview, reporting that she was receiving several types of counseling that she was not actually enrolled in or attending.

[14] While it may seem to some that a maximum sentence under these circumstances is harsh,[2] we cannot say that it is inappropriate given the trial court's conclusions about Lisk's history of dishonesty, including her past convictions as well as her dishonest behavior during these proceedings.

[15] In sum, the length of the sentence imposed by the trial court is not inappropriate in light of the nature of the offense and Lisk's character.

[16] The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concur.

---

[2] Indeed, the sentence imposed by the trial court substantially exceeded that recommended by the probation department. The probation department recommended that Lisk be sentenced to 545 days on community corrections work release. In this way, the probation department believed that Lisk's mental health needs could be met on an ongoing basis.